IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ADAM WAYNE ARNOLD  and
JANET LYNN ARNOLD, husband and wife,
                    Plaintiffs,

v.                                                    Civil Action: 3:05CV12

FORD MOTOR COMPANY,
                    Defendant.


## MEMORANDUM, OPINION, and ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCLOSURE

On October 28, 2005  came the above named plaintiffs, by Amanda L. Lewis, by telephone, and the above named defendant, by Peter T. DeMasters, in person, for Defendant's Motion to Compel discovery.  Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.    Background.

The parties engaged in discovery and a dispute arose.  The Defendants filed a Motion to Compel on October 4, 2005.  The matter was referred to me by the Honorable W. Craig Broadwater on October 5, 2005.  A hearing on the Motion to Compel was held on October 28, 2005.

B.    The Motion.

Defendant's Motion to Compel.[1]

C.    Decision.

The Motion to Compel is GRANTED in part and DENIED in part as hereinafter

_____

[1] Docket 14.

set forth.

## II. Facts

1.  On May 19, 2004, The Honorable W. Craig Boradwater ordered that Fed. R. Civ. P. 26(a)(2(A) and (B) disclosures be exchanged by September 1, 2005.[2]

2.  Plaintiffs failed to provide disclosures by September 1, 2005, in violation of Judge Broadwater's order.

3.  On July 28, 2005, Defendant served "Defendant Ford Motor Company's First Set of Requests for Production of Documents and Things to Plaintiffs," "Defendant Ford Motor Company's First Set of Interrogatories to Plaintiffs," and "Defendant Ford Motor Company's First Set of Requests for Admission to Plaintiffs" upon Plaintiffs.[3]

4.  On September 3, 2005, Plaintiffs filed their response to the Requests for Admission.[4]

5.  In a good faith effort to resolve the dispute, Defendant alleges it sent two letters, dated September 9, 2005 and September 21, 2005, respectively, to Plaintiffs' counsel permitting an extension of time in which to respond to Defendant's discovery requests.[5]

6.  On September 30, 2005, Plaintiffs served "Plaintiff's Responses to Defendant's First Set of Interrogatories," which was not verified by the Plaintiffs and not filed in the Northern District of West Virginia.

---

[2] Docket No. 8, p. 3.

[3] Docket Nos. 10, 11 and 12.

[4] Docket No. 13.

[5] Docket 14, p. 2 .

7.      On October 4, 2005, Defendant moved to compel.[6]

8.      On October 25, 2005, Plaintiffs filed "Plaintiffs' Responses to Defendant's First Set of Interrogatories" with the Court, which was verified by Plaintiff Janet Lynn Arnold on September 30, 2005.[7]

9.      On October 27, 2005, Plaintiffs filed "Plaintiff's Responses to Defendant's First Set of Requests for Production of Documents and Things" with the Court.[8]

### III.  Defendant's Motion to Compel

A.      Contentions of the Parties

Defendant contends that a good faith effort has been made to resolve the discovery dispute without court action and that Plaintiffs should be ordered to completely and fully respond to Defendants discovery requests.  Specifically, Defendant argues that (1) the Court should order Plaintiffs to respond to Defendant's First Set of Interrogatories to Plaintiffs with verified responses and file the same with the Court; (2) the Court should order Plaintiffs to respond to Defendant's First Set of Requests for Production of Documents and Things to Plaintiffs; and (3)  Plaintiffs' response to the Requests for Admission served on September 3, 2005 should be deemed admitted because they should have been filed on or before August 29, 2005.

Plaintiffs contend that they exercised due diligence in responding to the requests for discovery, and that the answers and responses are complete.

B.      The Standards

---

[6] Docket No. 14.

[7] Docket No. 19.

[8] Docket No. 20.

1. <u>Discovery - Scope</u>.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."  Fed. R. Civ. P. 26(b)(1).

2. <u>Discovery - Scope</u>.  A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  In addition, "the discovery rules are given 'a broad and liberal treatment.'"  <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.</u>, 967 F.2d 980, 983 (4th Cir. 1992) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)).  However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); <u>see also</u> <u>St. Bernard Sav. and Loan Ass'n v. Levet</u>, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").

3. <u>Discovery - Relevancy</u>.  A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial.  The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence.  Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 426 (4th Cir. 1996)(citations omitted).

    4.    <u>Discovery - Duty to Supplement</u>. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26 (e)(2).

    5.    <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>. Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed. <u>Hansel v. Shell Oil Corporation</u>, 169 F.R.D. 303 (E.D. Pa 1996).

    6.    <u>Discovery - Limits - Claims of Privilege</u>. A claim of privilege must be express and the nature of the communication, document or thing described with particularity. Fed. R. Civ. P. 26 (b)(5). The 1993 advisory committee notes to Rule 26(b)(5) state this section requires notification to other parties that a claim of privilege is being made. The advisory committee notes provide that withholding of material without notice is contrary to the rule, subjects the party to sanctions and my be viewed as a waiver. Rule 26.04(2) of the Local Rules of Civil Procedure provides detailed requirements for claims of privilege.

    7.    <u>Discovery - Claims of Privilege - Waiver</u>. The advisory committee notes to Rule

26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of privilege. When a party files a boiler plate objection, refuses to comply with the rule and the Court finds the request is not patently improper, finding waiver of privilege is appropriate. <u>Pham v. Hartford Fire Ins. Co.</u>, 193 F.R.D. 659, 662 (D. Colo. 2000).

8.     <u>Discovery - Objections to Interrogatories</u>.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. <u>Momah, v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417, (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

9.     <u>Discovery - Production of Documents</u>.  "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents...or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).

10.     <u>Discovery - Requests for Production - Objections</u>.  While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal rules of Civil Procedure, the Advisory Committee notes to Rule 34 states that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." <u>Pulsecard v. Discover Card Services, Inc.</u>, 168 F.R.D. 295, 303 (D. Kan. 1996).

11.     <u>Discovery - Motion to Compel</u>.  "If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under

Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a

party, in response to a request for inspection submitted under Rule 34, fails to respond that

inspection will be permitted as requested or fails to permit inspection as requested, the discovering

party may move for an order compelling an answer, or a designation, or an order compelling

inspection in accordance with the request."  Fed. R. Civ. P. 37(a)(2)(B).

C.    Discussion

Rule 33,  Federal Rules of Civil Procedure, in relevant part,  provides as follows:

> (a) Availability. Without leave of court or written stipulation, any party may serve
> upon any other party written interrogatories, not exceeding 25 in number including
> all discrete subparts, to be answered by the party served or, if the party served is a
> public or private corporation or a partnership or association or governmental agency,
> by any officer or agent, who shall furnish such information as is available to the
> party. Leave to serve additional interrogatories shall be granted to the extent
> consistent with the principles of Rule 26 (b)(2)....
>
> (b) Answers and Objections.
> (1) Each interrogatory shall be answered separately and fully in writing under oath,
> unless it is objected to, in which event the objecting party shall state the reasons for
> objection and shall answer to the extent the interrogatory is not objectionable.
> (2) The answers are to be signed by the person making them, and the objections
> signed by the attorney making them.
>
> * * * *
>
> (4) All grounds for an objection to an interrogatory shall be stated with
> specificity. Any ground not stated in a timely objection is waived unless the
> party's failure to object is excused by the court for good cause shown.
>
> Fed. R. Civ. P. 33(a); (b)(1), (2) and (4) (2005).

Furthermore, in Vica Coal Co., Inc. v. Crosby, 212 F.R.D. 498 (S.D.W.Va. 2003), where

the defendant provided his unverified answers to the interrogatories, the court stated that:

> The course taken by Defendant's counsel has undermined the important function
> and utility of Interrogatories as they have been posed by the Plaintiff in this case.
> Seeking information through Interrogatories is an efficient and cost-effective
> method of discovery and marshaling evidence for trial. Indeed, the Rules
> anticipate that it could lead to the discovery of evidence worthy of admission at

trial.  <u>Id</u>. at 505.

Therefore, it is essential that Plaintiffs provide sworn verification for all of their responses to Interrogatories.  However, it should be noted that Defendant's Interrogatories 26, 27 (a)-(e) and 28 exceed the permissible number of interrogatories, including subparts, allowed under Rule 33(a).   Therefore, because Plaintiffs filed their verified responses to Defendant's First Set of Interrogatories on October 25, 2005, Defendant' Motion to Compel as to Interrogatories 1-25 is **DENIED AS MOOT** and Defendant's Motion to Compel with respect to Interrogatories 26, 27 (a)-(e) and 28 is **DENIED**.

With respect to Interrogatories 1-25,  Fed. R. Civ. P. 33(b)(4) provides that any ground for objection not stated in a timely objection is waived unless the party's failure to object is excused for good cause.  The Court notes that, when a party believes that another party has asked too many interrogatories, the party to which the discovery has been propounded should object to all interrogatories or file a motion for protective order.  Plaintiffs have not asserted any timely opposition to the Interrogatories and, accordingly, waived any objection.  <u>See</u> Fed. R. Civ. P. 33(b)(4)(5) (2005).

Rule 34 governs the other discovery requests seeking production of documents.  Rule 34 provides, in relevant part:

> (a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the

8

request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26 (b).

(b) Procedure. The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in 26(d)....
Fed. R. Civ. P. 34 (a) and (b) (2005).

Rule 34 does not included any maximum number of documents that can be requested. See Fed. R. Civ. P. 34. Because Plaintiffs filed their Responses to Defendant's First Set for Production of Documents and Things on October 27, 2005, Defendant's Motion to Compel as to this issue is

**DENIED AS MOOT**.

However, general objections to interrogatories and requests for production of documents are prohibited. Fed. R. Civ P. 33(b)(4) and 34(b).[9] As was noted above, Rule 33(b)(4) also provides that "[a]ny ground [for an objection] not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). In this case, Plaintiffs' responses to Defendant's requests contain general objections which are prohibited by Federal Rules of Civil Procedure. The requests are as follows with the responses in italics:

Plaintiff's Responses to Defendant's First Set of Requests for Production of Documents and Things:

1.      All documents of any kind evidencing or referable to expenses of any whatsoever

_____

[9] While Rule 34 of the Federal Rules of Civil Procedure does not contain the same specificity and waiver provisions as Rule 33 of the Federal Rules of Civil Procedure, the Advisory Committee notes to Rule 34 state that "the procedure provided for in Rule 34 is essentially the same as that in Rule 33." Pulsecard v. Discover Card Services, Inc., 168 F.R.D. 295, 303 (D. Kan. 1996).

which you contend were incurred as a result of the incident.

[No response]

12    The vehicle, including all parts of thereof, which have been removed or separated from vehicle.

*The vehicle is stored by State Farm, believed to be in Greencastle, PA, and can be inspected by the Defendant upon notice.*

24    The curriculum vitae of any expert that you expect to call to testify at the trial of this case.

*Upon receipt from the expert, one will be provided.*

In their Responses to Defendant's First Set of Requests for Production of Documents and Things, Plaintiffs (1) failed to respond to Defendant's request No. 1; (2) provided only general information regarding the location of the vehicle at issue; and, (3) failed to provide the disclosures required by Fed. R. Civ. P. 26 (a)(2)(A) and (B) by September 1, 2005, as specified in Judge Broadwater's Scheduling Order, dated May 19, 2005. Therefore, Defendant's Motion to Compel answers to production requests Nos. 1, 12, 24 is **GRANTED** because Plaintiffs' responses are not compliant with Rule 34. See Fed. R. Civ. P. 34 (a) and (b) (2005).

Finally, Rule 36 (a) states that : "The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow ... the party to whom the request is directed serves ... a written answer...." Fed. R. Civ. P. 36(a). The Court finds that, because Plaintiffs did not timely respond to Defendant's request, the matters contained in Defendant's First Set of Requests for Admission are deemed to be admitted. See Fed. R. Civ. P. 36(a).

## IV. Decision

It is ORDERED that:

Defendant's Motion to Compel is **GRANTED** to the extent that**:**

1.      Plaintiffs are directed to respond to Requests for Production of Documents and Things Nos. 1, 12, and 24. Plaintiffs shall respond to the production requests within thirty (30) days from the date of this order and file a notice with the court documenting their compliance; and

2.      the matters contained in Defendant's First Set of Requests for Admission are deemed to be admitted.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: January 17, 2006

/s/ James E. Seibert                      
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE